UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-22361-CIV-ALTONAGA/Torres

VICTOR FARISH,

    Plaintiff,
v.

PAUL PEREIRA, *et al.*,

    Defendants.

_____/

# ORDER

**THIS CAUSE** came before the Court *sua sponte*. On July 28, 2022, Plaintiff Victor Farish filed a Complaint [ECF No. 1] asserting 10 claims for relief. (*See id.* ¶¶ 129–81). Upon review of the Complaint, the Court concludes it must be dismissed.

"[A] district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B 1981) (alteration added; citations omitted). This includes the inherent power to dismiss a case. *See id.* And it includes the power to dismiss a case *sua sponte* when the plaintiff fails to comply with procedural rules. *See Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48–49 (1991)).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555

(alteration adopted; other alteration added; citation and quotation marks omitted).

"Complaints that violate [] Rule 8(a)(2) . . . are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (alterations added). A "shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). A shotgun pleading makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Therefore, "shotgun pleadings are routinely condemned by the Eleventh Circuit." *Real Estate Mortg. Network, Inc. v. Cadrecha*, No. 8:11-cv-474, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).

The Complaint here is a quintessential shotgun pleading, in violation of Rule 8(a)(2). The Complaint contains 10 counts, each of which "incorporates by reference and realleges each and every allegation . . . set forth herein." (Compl. ¶¶ 129, 137, 139, 145, 148, 153, 158, 163, 168, 178 (alteration added)). This is precisely the kind of shotgun pleading the Eleventh Circuit has repeatedly condemned, as "[t]he result is that each count is replete with factual allegations [and legal conclusions] that could not possibly be material to that specific count[.]" *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (alterations added). The Court is "unwilling to address and decide serious [] issues on the basis of this [C]omplaint." *Id.* (alterations added).

Accordingly, it

**ORDERED AND ADJUDGED** that the Complaint **[ECF No. 1]** is **DISMISSED without prejudice**. Plaintiff has until **August 11, 2022** to submit an amended complaint addressing the

CASE NO. 22-22361-CIV-ALTONAGA/Torres

foregoing deficiencies.  The submission of another shotgun pleading will result in the entry of an order of dismissal without prejudice.

**DONE AND ORDERED** in Miami, Florida, this 29th day of July, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:	counsel of record